JOSEPH I. BRADLEY and others, Respondents, v. SAMUEL E. KINGSLEY et al., Administrators of PETER WAGGONER, deceased, Appellants.

The creditors (the plaintiffs), for whose benefit an assignment in trust of a chattel mortgage has been made, may lawfully agree with the assignee (the defendants' intestate), that at the sale at auction under the mortgage of the property covered thereby, he should bid the same in, and if any of such creditors should bid off any of the articles sold, the assignee should assume their bids and hold all the property so purchased and apply it to the payment of the debts.

Such an arrangement is not against public policy as tending to prevent competition at a public sale, and where the defendant's intestate having made such an arrangement, bought in all the property and failed to account for its value to the creditors, his representatives were held liable to such accounting.

(Argued January 25, decided January 31, 1871.)

APPEAL from the judgment of the General Term of the Supreme Court in the Fourth department, affirming a judgment for the plaintiffs upon the report of Hon. Charles Andrews, referee.

This action was brought by plaintiffs against the defendants, executors of one Waggoner, for an accounting in respect to certain property, transferred by one Wart to Waggoner, in

trust to pay debts owing by Wart to the plaintiffs and to Waggoner, amounting to over $6,000.

The property so transferred consisted of four notes of $1,500 each to the aggregate amount of $6,000, and a chattel mortgage on certain personal property to secure the notes. These notes and mortgage were given by one Eggleston to Wart on the purchase of the property from him.

Waggoner foreclosed the chattel mortgage by a sale at auction of the mortgaged property, took possession of most of the mortgaged property, converted some of it into money, and suffered some of it to be removed from the State, and failed to account with plaintiffs for the larger part of the property and proceeds.

The defence was based upon the ground that Waggoner and the plaintiffs illegally combined in a plan to prevent competition among bidders at the sale, and that the plaintiffs could therefore have no assistance in equity to recover from Waggoner the proceeds derived by him thereby.

The referee finds that it was the design of the sale to extinguish the equity of redemption of the mortgagor, and to secure and save the property or its value to be applied for the purposes of the trust. He also finds that it was understood between the plaintiffs and Waggoner, that such property as should be bid in by either of the parties on the sale should be held and taken charge of by Waggoner, and converted into money by him, and the proceeds applied according to the terms of the trust, " and to this end, if any of the parties other than Waggoner should bid in any of the property, the bids should be assumed by Waggoner, and the property taken and held by him as aforesaid."

All of the property was bid off by Waggoner for $3,000. The property was worth at the time of the sale $6,000.

*N. B. Smith*, for the appellants, insisted that the arrangement as to the bidding at the auction sale, made between the plaintiffs and Waggoner, was, in effect and intention, a combination to prevent competition, and actually resulted in a

sale of the whole to Waggoner at half price. That this agreement was void, as against public policy, he cited *Jones* v. *Caswell* (3 John. Cases, 29); *Doolin* v. *Ward* (6 John. Reps., 195); *Wilbur* v. *Howe* (8 Johns. Reps., 444); *Thomas* v. *Davis* (13 Johns. Reps., 112); *Meech* v. *Bennett* (Hill & Den., 191); *Phillips* v. *Stickney* (3 Metcalf, 387); Chitty on Contracts, 267, note 1; Story on Sales, § 484; *Gardiner* v. *Morse* (25 Maine, 140); *Slingloff* v. *Eckert* (24 Penn. St., 472); *Wooton* v. *Hinkle* (20 Missouri, 290); *Hook* v. *Turner* (22 Missouri, 333); *Stewart* v. *Nelson* (25 Missouri, 309); Story on Contracts, § 548.

*Wm. J. Wallace*, for the respondents on the same question, cited *Phippin* v. *Stickney* (3 Metcalf, 384–388); *Small* v. *Jones* (1 Watts & Serg., 128); *Veasey* v. *Williams* (3 Story's Rep., 623); 3 Serg. & W., 122, 127; 4 Den., 287; 2 Kent, 5th ed., 538, 539; 6 Johns., 194; 13 Johns., 112; 3 Johns. Ca., 29; Hill & Den. Supp., 191.

By the Court—Peckham, J. Was the auction sale of the property under the mortgage void, as against public policy, under the facts of this case? I think not. No such defence was set up in the answer. The property sold was of the value of $6,000, as found by the referee. The amount to be paid therewith (the notes) was $6,000. The amount to be paid thereout by the intestate, to whom it had been assigned in the mortgage, was the same substantially. Whether the mortgagor was or not insolvent is not found in this case. If he was not insolvent, no question could arise as to this sale, as he consented to it precisely as it occurred.

If he was insolvent, no one could be injured by this sale, unless the court must presume that the property, but for this arrangement, would certainly, or at least probably, sell for more than its actual value; as by the arrangement, the debts of the parties amounting to about its value, were to be satisfied by the sale. There is no such legal presumption.

In my opinion this arrangement was for honest and just purposes, and violates no sound rule of public policy.

Waggoner, the intestate, was at that time an assignee and trustee for the same purpose for which he purchased this property, and the sole purpose for which this arrangement was made seems to have been to enable him more effectually to execute that trust. There was no agreement not to bid, none to purchase as low as possible, none in substance to repress or prevent competition. The bids might have been double what they were without any surplus and without affecting any interest.

No principle or authority warrants a court to pronounce such an arrangement fraudulent, as matter of law; and the finding of the referee negatives all fraudulent intent in fact. (See Story on Cont., § 548; 6 Watts & Serg., 122; *Phippin* v. *Stickney* (3 Met., 387).

This does not in any degree impair the general doctrine as established in this State, and in this court, on the subject of combinations to prevent competition at public sales or lettings (*Woodworth* v. *Bennett, ante,* p. 273, and *Atchison* v. *Mallon, ante,* p. 147, just decided by this court; *Meech* v. *Bennett,* Hill & Den., 191), as it does not come within the rule. This being the only point presented for reversal, the judgment is affirmed with costs.

All concurring, judgment affirmed.